UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL ANGEL GARZA-GUERRA, | : |
| Petitioner | : CIVIL ACTION NO. 3:23-0445 |
| v. | : (JUDGE MANNION) |
| R. THOMPSON, WARDEN, | : |
| Respondent | : |

FILED
SCRANTON

AUG 2 1 2023

Per_____
DEPUTY CLERK

### ORDER

Presently before the Court is Petitioner's motion for reconsideration of this Court's May 16, 2023 Memorandum and Order (Docs. 8, 9) denying Garza-Guerra's petition for writ of habeas corpus based on Respondent's evidence that Petitioner is subject to a deportation order and that the BOP properly determined that Petitioner is not eligible for application of FSA time credits. See 18 U.S.C. §3632(d)(4)(E)(i). (Doc. 10).

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the

following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the

court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Here, Petitioner attempts to correct an error of fact, by arguing that, while the BOP's decision to deny him FSA time credits was based on a Detainer Action Letter, stating that Petitioner has a Final Order of Removal against him, no Final Order of Removal was submitted in support of the Detainer Action Letter. (Doc. 11). Petitioner also disputes the Alien Number referenced by Respondent. Id.

By Order dated June 26, 2023, this Court directed Respondent to supply the Court with Petitioner's correct Alien Number and a copy of Petitioner's Final Order of Removal. (Doc. 14).

On June 28, 2023, Respondent provided the Court with Petitioner's correct Alien Number of A220951954 and a copy of Petitioner's Notice and Order of Expedited Removal. (Doc. 15-1).

Given this current information, the Court finds that its Memorandum and Order of May 16, 2023 are not troubled by manifest errors of law, as

Respondent has presented evidence that Petitioner is subject to a final order of deportation[1] and the BOP properly determined that Petitioner is not eligible for application of FSA time credits. 18 U.S.C. §3632(d)(4)(E)(i); see also Ramirez v. Sage, 2022 WL 2318693 (M.D. Pa. June 28, 2022) (denying habeas relief to inmate pursuant to 18 U.S.C. §3632(d)(4)(E) based on evidence of a deportation order). Accordingly, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration of this Court's May 16, 2023 Memorandum and Order (Doc. 10) is **DENIED**.

MALACHY E. MANNION
United States District Judge

Dated: August 21, 2023
23-0445-03

---

[1] To the extent that Petitioner seeks to challenge the validity of his final order of deportation, "[i]t is well settled that District Courts lack jurisdiction to review removal orders, hear challenges to removal orders, or stay removal orders." Rodriguez-Olalde v. United States, No. CV 20-1102 KG-GJF, 2021 WL 1169712, at *3 (D.N.M. Mar. 26, 2021). "Instead, aliens must bring those challenges in a 'petition for review filed with an appropriate court of appeals'." E.O.H.C. v. Sec'y United States Dep't of Homeland Sec., 950 F.3d 177, 184 (3d Cir. 2020) (quoting 8 U.S.C. §1252(a)(5)). "District courts lack jurisdiction over those challenges to removal." Id. "District courts also lack jurisdiction to review most claims that even relate to removal." Id. "Because judicial review of a final order of removal is available only in the court of appeals, district courts cannot review [ ] 'arising from' claims either." Id. Accordingly, this Court lacks jurisdiction over Petitioner's challenge to his underlying final order of removal.